<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER A. HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>HUDSON COUNTY CORRECTIONAL FACILITY, et al.,<br><br>    Defendants. | No. 22cv6729 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Alexander A. Harris filed a Complaint pursuant to 42 U.S.C. § 1983. D.E. 1. The Court granted Plaintiff's *in forma pauperis* ("IFP") application. D.E. 6.

Since the Court granted the IFP application, Plaintiff has submitted a supplemental brief, D.E. 9; four "statements of facts," D.E. 10, 12-13, 15; one "affidavit of truth," D.E. No. 16; and a letter to the Court with additional facts, D.E. 17.

The Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). However, the Court cannot conduct its screening at this time because Plaintiff's submissions do not comply with the Federal Rules of Civil Procedure. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (internal quotation marks omitted) (noting *pro se* plaintiffs "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants").

Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's submissions are non-

compliant with Rule 8 because his allegations span 272 pages and 9 docket entries. Although Plaintiff may move to amend his complaint pursuant to Rule 15, "[a]llowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." *Bryant v. Raddad*, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) (internal quotation marks omitted). "Thus, a plaintiff proceeding in federal court must present all allegations in a single pleading that clearly identifies the defendants, states the basis for his claims, and states the relief he seeks from the Court." *In re Hall*, 2022 WL 2067957, at *2 (E.D. Pa. June 8, 2022).

To facilitate its Section 1915 review, the Court will direct Plaintiff to file a Proposed Amended Complaint containing all claims he wishes to present to the Court within 45 days of this Opinion and Order. The Proposed Amended Complaint shall supersede the prior filings, so it must include all claims Plaintiff wishes to bring in federal court and name all the defendants from whom Plaintiff seeks relief. The Court will not consider the prior filings in its review of the Proposed Amended Complaint. *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) ("[L]iberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings."). If Plaintiff elects not to submit a Proposed Amended Complaint, the Court will only review the original Complaint and Supplement, D.E.s 1, 9; *see* Fed. R. Civ. P. 15(a)(1) (allowing a party to amend its pleading once as matter of course).

An appropriate Order accompanies this Opinion.

4/4/2024
Date

Evelyn Padin, U.S.D.J.