NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER A. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>HUDSON COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>    Defendants. | No. 22cv6729 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on Plaintiff Alexander A. Harris's motions for reconsideration, D.E. 23, and for injunctive relief, D.E. 24. For the reasons below, the Court will **DENY** both motions. Plaintiff has 45 days to submit a proposed amended complaint.

I.    **BACKGROUND**

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. D.E. 1. The Court granted Plaintiff's *in forma pauperis* ("IFP") application on June 21, 2023. D.E. 6. After the Court granted the IFP application, Plaintiff submitted a supplemental brief, D.E. 9; four "statements of facts," D.E.s 10, 12-13, 15; one "affidavit of truth," D.E. 16; and a letter to the Court with additional facts, D.E. 17.

On April 4, 2024, the Court issued an Order instructing Plaintiff to submit a proposed amended complaint within 45 days because the filings, which spanned over 272 pages and 9 docket entries, did not comply with Federal Rule of Civil Procedure 8. D.E. 20. The Order informed Plaintiff that if he did not submit a proposed amended complaint, the Court would only screen the original complaint, D.E. 1, and the first supplemental brief, D.E. 9. *Id.*

Instead of submitting a proposed amended complaint, Plaintiff moved for reconsideration. D.E. 23. He subsequently moved for injunctive relief. D.E. 24.

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

### B. Motion for Injunctive Relief

"The decision to grant or deny . . . injunctive relief is an act of equitable discretion by the district court . . . ." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Injunctive relief, however, remains "'an extraordinary remedy never awarded as of right.'" *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 197 (3d Cir. 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). A party seeking a temporary or preliminary injunction "'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* (quoting *Winter*, 555 U.S. at 20). The first two factors

are the "most critical" factors and are gateway factors, meaning the movant must establish those factors before a court will consider the other two factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017).

## III. ANALYSIS

### A. Plaintiff Has Not Set Forth a Valid Reason for Reconsideration

Plaintiff seeks reconsideration of the Order requiring him to submit a proposed amended complaint because "these 272 pages and 9 docket entries grow out of the same transaction pending in this Court." D.E. 23 at 3. He asserts the Court "overlooked the fact that [he] is suing the [Hudson County Correctional Facility], and the administration, the Directors, Captains, and the Medical Contractor (Wellpath LLC d/b/a Well Path Correct Care Solutions) for the cruel and unusual treatment and deliberate indifference to [his] medical and constitutional, civil and human rights." *Id.* He argues that all of his claims and parties are allowed to be joined pursuant to the Federal Rules of Civil Procedure. *Id.* at 6. He says that rewriting his complaint "will cause hardship and undue prejudice" and "allow named defendants['] conduct to continue." *Id.* at 7. He asserts "a lengthy complaint does not constitute a violation of Rule 8." *Id.* at 10.

Plaintiff has not set forth a valid reason for reconsideration as he merely disagrees with the Court's Order. *Id.* at 7 ("I simply disagree with the Judge's order/Judgement . . . ."). Plaintiff refuses to submit a proposed amended complaint because of the "hardship" of reviewing 272 pages spanning 9 docket entries and putting all his claims in one place, while simultaneously asserting that it is not a burden on the Court or defendants to review the documents to identify his claims. The Court is not imposing a page limit or limit on the number of claims that Plaintiff may include in the proposed amended complaint; it is directing Plaintiff to state his claims as concisely as possible "in a single pleading that clearly identifies the defendants, states the basis for his claims,

3

and states the relief he seeks from the Court." *In re Hall*, 2022 WL 2067957, at *2 (E.D. Pa. June 8, 2022). The Court will then conduct its screening obligation pursuant to § 1915.

Instead of using the 45 days from the April 4, 2024 Order to prepare his proposed amended complaint, Plaintiff elected to file an untimely motion for reconsideration.[1] Any delay is Plaintiff's own doing.

The Court will therefore **DENY** the motion for reconsideration. Plaintiff has an additional 45 days to submit a proposed amended complaint that complies with the Court's prior Order. If Plaintiff elects not to submit a proposed amended complaint, the Court will only review the original Complaint and Supplement, D.E.s 1 & 9. *See* Fed. R. Civ. P. 15(a)(1) (allowing a party to amend its pleading once as matter of course).

## B. Plaintiff Has Not Established That He is Entitled to Injunctive Relief

Plaintiff also moves for injunctive relief. D.E. 24. He seeks unlimited laptop access "to be more legible and professional when presenting motions," whiteout, sticky notes, folders, pens, medical records, his kiosk activity, policy books, court rule books, reports "relating to any officers harmed or complaints on officers," and access to legal assistants. *Id.* at 2.

To obtain preliminary equitable relief, Plaintiff must show that he is more likely than not to suffer irreparable harm without an order granting the relief. *Reilly*, 858 F.3d at 179, *as amended* (June 26, 2017). "In general, to show irreparable harm a plaintiff must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (quoting *Instant Air Freight Co. v. C.F. Air*

---

[1] Local Rule 7.1 provides that motions to reconsider shall be filed within 14 days from the date of the entry of the order or judgment to be reconsidered unless otherwise provided by statute. The relevant order was entered on April 4, 2024, D.E. 20, and Plaintiff did not submit his motion until May 15, 2024, D.E. 23 at 30. The motion would also be late under the 28 days provided by Federal Rule of Civil Procedure 59(e).

4

*Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)). Plaintiff has not satisfied this gateway factor. Plaintiff's requests for supplies can, and should, be addressed to prison officials through the proper administrative procedures. Other requests, such as his requests for certain records and documents, are more appropriately addressed in the discovery phase once the screening process has taken place and defendants have entered appearances. Because Plaintiff can request relevant records to be produced during discovery, he has not shown that he will be irreparably harmed if the Court does not grant this relief now. The Court will **DENY** this relief.

IV.   **CONCLUSION**

For the reasons stated above, the Court will **DENY** the motion for reconsideration, D.E. 23, and motion for injunctive relief, D.E. 24. Plaintiff has 45 days to submit a proposed amended complaint. An appropriate Order accompanies this Opinion.

 6/4/2024         
Date

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

5