<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER A. HARRIS,<br><br>     Plaintiff,<br><br>v.<br><br>HUDSON COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>     Defendants. | No. 22cv6729 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Alexander A. Harris ("Harris"), a pretrial detainee in the Hudson County Correctional Facility ("HCCF"), in Kearny, New Jersey, filed a Proposed Amended Complaint under 42 U.S.C. § 1983 and New Jersey state law against Hudson County, Hudson County Freeholders, and officials and employees of HCCF and its contracted medical provider, Wellpath, L.L.C., officials and employees of Wellpath, and others. D.E. 28 ("Am. Compl." or "Amended Complaint"). Because Harris has been granted *in forma pauperis* ("IFP") status, D.E. 6, the Court must review the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Harris has also filed a motion to appoint pro bono counsel. D.E. 32. The Amended Complaint will not be filed because it does not comply with the Court's Orders. However, the Court will **APPOINT** pro bono counsel to assist Harris with filing a Proposed Amended Complaint.

I.   **PROCEDURAL HISTORY**

After the Court granted Harris' IFP application, D.E. 6, Harris submitted: (1) a supplemental brief, D.E. 9; (2) four "statements of facts," D.E.s 10, 12-13, 15; (3) one "affidavit of truth," D.E. 16; and (4) a letter alleging additional facts, D.E. 17. Pursuant to Federal Rule of Civil Procedure 8(a), the Court directed Harris to submit a single Proposed Amended Complaint containing all of his properly joined claims. D.E.s 19-20. Prior to receiving and responding to the Court's Opinion and Order, Harris submitted two letters, D.E.s 21-22, containing new allegations against new defendants.

Harris then filed a motion for reconsideration asserting it was a hardship for him to go through 272 pages "and sort out arguments that are equally important." D.E. 23 at 7. Harris also filed a motion for injunctive relief. D.E. 24. On June 4, 2024, the Court denied Harris' motions and ordered him to submit a single Proposed Amended Complaint to replace his many supplemental filings within 45 days. D.E.s 25-26.

II.  **ANALYSIS**

On June 26, 2024, the Court received Harris' Amended Complaint. In violation of this Court's Orders, Harris attempted to incorporate all prior filings into the Amended Complaint. Am. Compl. at 2. The Court will not direct the Clerk to file the Amended Complaint because Harris did not comply with the Court's Orders, D.E.s 20, 26, and because the Amended Complaint does not comply with Federal Rules of Civil Procedure 8(a) and 20(a)(2).

Harris asserts Section 1983 and state law claims against approximately 46 defendants. He argues all defendants are properly joined because all claims arise out of his grievances regarding his right to access the courts and his inadequate medical care. Upon review of the Amended Complaint, many of the claims are not properly joined because they arise out of different series of

2

transactions or occurrences over an approximately six-year period.  Fed. R. Civ. P. 20(a)(2).  The claims are wide-ranging, involving access to courts, retaliation, equal protection in "hiring and firing" for work assignments, interference with mail, medical claims, COVID-19 conditions, diet, religious discrimination, excessive force, and procedural due process violations in disciplinary proceedings.  *See generally* Am. Compl.  As a result, the Court cannot clearly discern the allegations made or the chronology of events.  Furthermore, for liability to attach under Section 1983, a defendant must have personal involvement in the alleged constitutional violation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  The personal involvement of many defendants is difficult to ascertain.  Finally, Harris refers to other lawsuits he has filed against some of the defendants.  It is unclear whether any claims raised here are duplicative of claims in ongoing suits.

Harris would benefit from appointment of counsel to assist him in presenting his claims.  District courts have broad discretion to seek volunteer attorneys to represent indigent civil litigants.  *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); 28 U.S.C. § 1915(e)(1).  Before appointing counsel, a district court must first determine whether the plaintiff has a claim of arguable merit.  *Tabron*, 6 F.3d at 155.  Harris presents some claims of arguable merit.

A plaintiff's ability to present his or her case is a significant factor in the determination of whether to appoint pro bono counsel.  *Id.* at 156.  Harris has been unable to comply with the Court's direction to present his claims in compliance with Federal Rules of Civil Procedure 8(a) and 20(a)(2), partly due to the restraints of litigating while in pretrial confinement, and partly due to the complexity of the many claims he is attempting to raise in one action.  The factors weigh in favor of appointing counsel.  The Court will limit pro bono representation at this time to (1) determining appropriate claims to join and filing a proposed Amended Complaint and (2) filing new civil actions for claims not properly joined in this action, if warranted by Fed. R. Civ. P. 11.

After a Proposed Amended Complaint is filed with assistance of pro bono counsel, the Court will *sua sponte* consider whether to appoint pro bono counsel for any other purpose.

### III.     CONCLUSION

The Court will **DISMISS** the Amended Complaint for noncompliance with this Court's Order. To facilitate Section 1915(e)(2)(B) review, the Court will **APPOINT** pro bono counsel. Within **30 days** of appointment, pro bono counsel shall file a status update in this matter. An appropriate Order follows.

Dated: February 3, 2025

                                                      Evelyn Padin, U.S.D.J.